(72 N. W. Rep. 933.)

---

## McCORMICK HARVESTING MACHINE CO. *vs.* T. H. LARSON.

Opinion filed October 19th, 1897.

**Directing Verdict.  Amendment to Conform to Proof.**

> When a conclusive defense is proved without objection on the ground that it is not set up in the answer, and the court, on motion, amends the answer to conform to the proof, it is the duty of the court to direct a verdict for the defendant.

**Specifications of Error.**

> Specifications of error held sufficient.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by the McCormick Harvesting Machine Company against T. H. Larson. Verdict directed for plaintiff. From an order granting a new trial, plaintiff appeals.

Affirmed.

*Burke Corbet*, for appellant.

*F. H. McDermont*, for respondent.

CORLISS, C. J. In its ultimate analysis, this appeal brings before us a question whether the defendant's answer was so amended on the trial as to entitle him to the benefit of evidence in the case establishing a defense. The suit was for the recovery of the possession of wheat claimed by the plaintiff under a chattel mortgage alleged to have been executed by the defendant. The answer contained what may be designated as a qualified general denial. Coupled with this qualified general denial was a specific defense resting upon the alleged invalidity of the chattel mortgage for fraud. Defendant also averred that the debt secured thereby had been paid. On the trial it appeared that defendant was not in possession of the property at the time the action was commenced. Thereupon he was allowed to amend his answer by striking therefrom his prayer for the return of the property, and the value thereof, the plaintiff having taken it in claim and delivery proceedings at the commencement of the action. Having failed in his defense as to fraud and payment, and the plaintiff having established a right to the possession as against defendant on the theory that he, the defendant, was in fact the owner thereof at the time the mortgage was given, the District Court directed a verdict for the plaintiff. A motion for a new trial having been made upon the ground of the error of the court in directing such verdict, the motion was granted. From the order granting such motion the appeal here involved was taken. The case is not one where a trial judge, in the exercise of judicial discretion, orders a new trial. The basis of the order in question was the one alleged error of law in directing a verdict for the plaintiff. It is very doubtful whether, under the pleadings as they stood at the time the evidence was received showing that the defendant was not in possession of the property when the action was commenced, such evidence could have legally been received in the face of an objection from the plaintiff's counsel. Defendant had so qualified his general denial that he was not in a position to defeat the action by showing that he was not in pos-

session when the suit was commenced. But the evidence appears to have been received without objection. This evidence, being uncontradicted, established a complete defense to the plaintiff's case. All that remained was a question of amendment of the answer to conform to the proof. Had no amendment been asked for, and had the District Court denied the motion for a new trial, it might be that this court would not amend the answer to conform to the proof for the purpose of reversing the judgment. But, as soon as the evidence showing that defendant was not in possession of the property was received, defendant asked permission to amend his answer by striking therefrom the prayer for a return of the property, or the value thereof; thereby clearly indicating that he wished to so amend it as to put in issue the single question of his possession at the time the suit was brought. No other construction can be placed upon his motion. As the case then stood, there was evidence before the court and jury showing that the plaintiff had sued the wrong person, and there was a pleading behind it. This evidence was undisputed. It was, therefore, error for the District Judge to direct a verdict for the plaintiff. The verdict should have been in defendant's favor. It follows that the court did err in granting the plaintiff's motion for a directed verdict, and hence that it was its duty to grant, as it did, a new trial on the defendant's motion therefor. There is no force in the point that the defendant failed to specify in his notice of intention the particular error of law relied on. The error complained of was the action of the court in directing a verdict against the defendant. That this was an error of law is too plain to necessitate the citation of authorities.

The order appealed from is affirmed.

BARTHOLOMEW, J., concurs.

WALLIN, J. (concurring). Without committing myself to an indorsement of all the reasoning contained in the opinion of the Chief Justice, I concur fully in the result upon the ground that the evidence admitted without objection showed that the plaintiff

sued the wrong person. This evidence was uncontroverted, and hence, in my opinion, it was error in the court below to direct a verdict in plaintiff's favor.

(72 N. W. Rep. 921.)